```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

MICHAEL HAPPOLDT,                *

     Plaintiff,                  *

     v.                          *     Civil Action No. BPG-11-0074

MICHAEL J. ASTRUE,               *
Commissioner of
Social Security,                 *

     Defendant.                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM

Plaintiff, Michael Happoldt, brought this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, et seq., and for Supplemental Security Income ("SSI") under Title XVI of the Act. Currently pending are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. (ECF Nos. 15, 17.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. No hearing is deemed necessary. Local Rule 105.6. For the reasons discussed below, the court grants plaintiff's motion, denies defendant's motion, and remands the case for further proceedings consistent with this opinion.

**I.     Background**

Plaintiff filed for a period of disability, DIB, and SSI on June 25, 2007, alleging disability based on "other & unspecified arthropathies."[1]  (R. at 28-31.)  His application was denied initially (R. at 32) and on reconsideration. (R. at 38, 40).  On May 7, 2009, plaintiff, represented by an attorney, testified at a hearing before Administrative Law Judge ("ALJ") William L. Akers. (R. at 17-27.)  Also testifying was a qualified vocational expert.  (R. at 25-26.)  On June 17, 2009, the ALJ determined that plaintiff was not disabled under the relevant sections of the Social Security Act and, accordingly, denied his application for benefits.  (R. at 7-14.)  On November 30, 2010, based both on evidence that the ALJ heard and new evidence[2] submitted after plaintiff's hearing before the ALJ (R. at 4), the Appeals Council denied review, making the ALJ's decision final and reviewable.  (R. at 1-3.)  Plaintiff timely sought judicial review.

---

[1] According to the record, it appears that "arthropathies" in this case refers to back and knee pain.  (R. at 32 ("You said that you are disabled because of back and knee pain.").)

[2] As part of a request for review before the Appeals Council, a claimant may submit "new and material" evidence relating to the period before the ALJ's decision for consideration by the Appeals Council.  20 C.F.R. § 404.976(b)(1).

2

## II. Standard of Review

The role of this Court on review is to determine whether the ALJ applied correct legal standards and whether substantial evidence supports the ALJ's decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that which "a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebreeze, 368 F.2d 640, 642 (4th Cir. 1966); accord Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). It is more than a scintilla but less than a preponderance of the evidence. Id. It is evidence sufficient to justify a refusal to direct a verdict if the case were before a jury. Hays, 907 F.2d at 1456. In reviewing for substantial evidence, the court does not weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. Id.

The Commissioner has promulgated regulations that set forth the following five-step analysis to be used in determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137 (1987).

(1) The ALJ determines whether the claimant is engaged in substantial gainful activity as defined in 20 C.F.R. § 404.1571 and § 416.971 et seq. If so, the claimant is not disabled.

(2) If not, the ALJ examines the physical and/or mental impairments alleged by the claimant and determines whether these impairments meet the durational and severity requirements set forth in 20 C.F.R.

>  §§ 404.1520 and 416.920.  If not, the claimant is not disabled.
>
> (3) If so, the ALJ considers whether the impairment or impairments, either severally or in combination, meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1, known as the Listing of Impairments.  If so, the claimant is disabled.
>
> (4) If not, the ALJ considers whether the claimant retains the residual functional capacity ("RFC") to do past relevant work ("PRW").  If so, the claimant is not disabled.
>
> (5) If not, the ALJ determines whether the claimant is capable of some other work based on the claimant's RFC, age, education, and past work experience.  The Commissioner bears the burden of proof at step five.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).  If the claimant is not capable of other work, the claimant is disabled.

**III. Discussion**

Plaintiff asserts that the Commissioner erred by failing to explain how the Appeals Council evaluated new and material evidence that plaintiff provided after the date of the ALJ's decision.  (ECF No. 15 at 6.)  Subsequent to the briefing of the summary judgment motions in this case, the Fourth Circuit specifically addressed the issue raised by Plaintiff in his motion.  In Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011), the Fourth Circuit held that it is not necessary for the Appeals Council to explain its rationale for denying a request for review of an ALJ decision.  Id. 705-06.  On the other hand, when the Appeals Council grants review and issues its own decision, it must explain its rationale for its decision.  Id. at 706.  If

4

the Appeals Council does not explain its rationale for denying review, however, the record must still contain substantial evidence to support the ALJ's decision.  Id. at 707.

In Meyer, the ALJ denied disability benefits, noting the absence of an opinion from the plaintiff's treating physician placing restrictions on the plaintiff's activities.  Id. at 703.  When the plaintiff sought review from the Appeals Council, he included a letter from his treating physician that recommended restrictions on the plaintiff's activities.  Id.  The Appeals Council made the letter part of the record but found that it did not "'provide a basis for changing the [ALJ]'s decision.'"  Id. at 704.

In reviewing the action of the Appeals Council, the Fourth Circuit explained that the Appeals Council was not obligated to explain why the new evidence did not require reversal of the ALJ's decision.  Id. at 706.  The court also noted, however, that "an express analysis of the Appeals Council's determination would [be] helpful for purposes of judicial review."  Id. at 706 (quoting authority).  This is particularly helpful, the court observed, where the only evidence on the pertinent issue, (i.e., the opinion of a treating physician), is the new evidence.  Id.  Ultimately, the Meyer court remanded the case for further fact finding noting that it "simply cannot determine whether substantial evidence supports the ALJ's denial of benefits"

5

because no fact finder had made any findings on the opinion of the treating physician. Id. at 707.

In this case, plaintiff's new evidence relates to his assertion that he has an additional impairment that the ALJ did not have the opportunity to consider. Specifically, plaintiff contends that he fits the definition of mental retardation as defined in Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 1, Section 12.05 ("Listing 12.05"). (ECF No. 15 at 6-9.) To support this contention, plaintiff submitted a psychological report, including plaintiff's Wechsler Adult Intelligence Scale ("WAIS") scores, to the Appeals Council. According to the report, plaintiff scored a WAIS Verbal IQ of 69, a Performance IQ of 69, and a Full Scale IQ of 66. (Id. at 7-8). Because the issue of mental retardation was presented for the first time after the ALJ had issued a decision, the ALJ had no opportunity to make findings with regard to that issue. The Appeals Council accepted plaintiff's new evidence regarding his mental retardation but did not explain how it evaluated such evidence. (R. at 1, 2.)

In response to plaintiff's assertion that the Appeals Council did not explain how it evaluated the new evidence, defendant offers a lengthy and substantive explanation as to why plaintiff has not met the requirements of Listing 12.05. (ECF No. 17 at 11-15.) Defendant appears to concede that plaintiff

meets the two requirements of Listing 12.05C: "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." (ECF No. 17 at 11.) Defendant further observes, however, that these findings are not enough for plaintiff to meet the requirements of Listing 12.05. As Section 12.00(A), the introduction paragraph of Section 12.00 notes, "[t]he structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings." 20 C.F.R. 404 Subpt. P App. 1 § 12.00A. The SSA "will find that [an] impairment meets the listing" only if it "satisfies the diagnostic description in the introductory paragraph [of Listing 12.05] and any one of the four sets of criteria [Listing 12.05A, B, C, or D]." Id. (emphasis added). The "diagnostic description" requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." Listing 12.05 (introductory paragraph).

Defendant offers a detailed analysis as to why plaintiff does not meet this requirement, analogizing the diagnostic criteria of Listing 12.05 and the Diagnostic and Statistical Manual of Mental Disorders (4th Ed. 2000). (ECF No. 17 at 11–

7

15.)  A review of defendant's motion makes clear that the defendant is asking the court to make factual findings in the first instance regarding plaintiff's new evidence, because no findings were made by the ALJ or the Appeals Council.  That is not the role of this court.  Although Meyer presented a slightly different fact pattern, (i.e., the new evidence in Meyer filled an "evidentiary gap" on an existing issue whereas the new evidence here raises a new, separate issue), the reasoning of Meyer is instructive.  Here, as in Meyer, "no fact finder has made any findings as to the [new evidence] or attempted to reconcile that evidence with the conflicting and supporting evidence in the record."  662 F.3d at 707.  "Assessing the probative value of competing evidence is quintessentially the role of the fact finder."  Id.  Accordingly, a remand is appropriate to allow for further fact finding regarding the new evidence presented to the Appeals Council, that is, whether Plaintiff meets the requirements of Listing 12.05.

**IV. Conclusion**

In sum, this Court cannot determine on this record whether substantial evidence supports the ALJ's decision.  Therefore, the case is remanded for further proceedings consistent with this opinion.

Date:___2/02/12___              _____/s/_____
                                Beth P. Gesner
                                United States Magistrate Judge